**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                            **Case No.: CR-2-06-002
JUDGE SMITH**

**WILLIE SHELTON,**

    **Defendant.**                             *Expedited Action Docket*

## ORDER ON SECOND MOTION FOR REDUCTION OF SENTENCE

This matter is before the Court on the Defendant's Second Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case", filed October 28, 2011 (Doc. 43). Defendant was originally sentenced on July 12, 2006 to 37 months imprisonment on Count 1 and 60 months on Count 4 to run consecutive to Count 1. Defendant's sentence was based on an offense level of 25 and criminal history category I. Defendant's advisory sentencing guideline range was 57 to 71 months.

Defendant's base offense level was reduced to a 23 after the November 1, 2007 crack amendment was retroactively applied to his case. When combined with Defendant's criminal history category I, the new advisory sentencing guideline range was 46 to 57 months. Defendant's sentence on Count 1 was reduced to 28 months. (*See* Doc. 34). The 60 month term of imprisonment on Count 4 remained the same.

On November 1, 2010, as part of the congressional directive embedded in the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines of §2D1.1 to an 18:1 ratio. On June 30, 2011, the Commission

promulgated Guideline Amendment 750 which effectively amended U.S.S.G. §1B1.10 to authorize the retroactive application of Guideline Amendment 748 to all defendants who are serving crack sentences as long as they meet certain eligibility criteria.

Counsel for the Defendant, for the Government, and representatives of the United States Probation Officer met to consider the merits of Defendant's case. All agreed to recommend that Defendant Shelton has met the Commission's eligibility requirements for the retroactive application of Guideline Amendment 748 to his case. After the November 1, 2010 crack amendment is retroactively applied to Defendant's case, his base offense level is reduced from a 23 to a 21, combined with his criminal history category, the new advisory sentencing guideline range is 37 to 46 months. The parties jointly recommend that the Court reduce Defendant's sentence to 24 months on Count 1. Combined with Defendant's sentence of 60 months on Count 4, the new aggregate sentence is 84 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The sentence of 28 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 24 months on Count 1. This reduction in sentence is based on the point in the original guideline range where Defendant was first sentenced, as well as the extent of any downward departure due to his substantial assistance or downward variance based on 18 U.S.C. § 3553(a). The sentence of 60 months on Count 4 remains the same and shall be served consecutively to Count 1, resulting in an aggregate sentence of 84 months.

Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 43 from the Court's pending motion's list.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ George C. Smith*
　　　　　　　　　　　　　　　　　　　　　　　　**GEORGE C. SMITH, JUDGE**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

*Order Date:　　November 28, 2011*
*Effective Date: December 7, 2011*